IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TELECOMM INNOVATIONS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ATM SYSTEMS CORPORATION, ) | |
| ) | |
| Defendant. ) | C.A. No. 12-1265 (SLR) |
| ATM SYSTEMS CORPORATION, ) | |
| ) | |
| Third Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| TRITON SYSTEMS OF DELAWARE, INC. ) | |
| and DOVER PRINTING & ) | |
| IDENTIFICATION, INC. f/k/a DOVER ) | |
| INDUSTRIES, INC., ) | |
| ) | |
| Third Party Defendants. ) | |

**THIRD-PARTY DEFENDANT DOVER PRINTING & IDENTIFICATION, INC.'S
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Third-party defendant, Dover Printing & Identification, Inc. f/k/a Dover
Industries, Inc. ("Dover"), hereby moves to dismiss defendants/third-party plaintiff ATM
Systems Corporation's ("ATMS") Third-Party Complaint pursuant to Fed. R. Civ. P. 12(b)(6).
ATMS's Third-Party Complaint arises from an indemnity provision in an agreement to which
Dover was ***not*** a party. Ignoring the terms of that agreement, ATMS seeks indemnification from
Dover based on nothing more than conclusory assertions of liability. ATMS thus has failed to
satisfy the pleading standards set forth in Fed. R. Civ. P 8(a) and its third-party claim against
Dover should be dismissed pursuant to Rule 12(b)(6) and the principles stated in *Bell Atl. Corp.
v. Twombly*, 550 U.S. 544, 555 (2007) and its progeny.

## BACKGROUND

On October 15, 2012, plaintiff, Telecom Innovations, LLC ("Telecom"), filed a Complaint in this action – one of 27 related actions before this Court – against ATMS, alleging that ATMS infringed U.S. Patent No. 5,396,519 (the "'519 Patent"), the right, title and interest to which had been assigned to Telecom, by "making, selling, offering to sell, using, and/or providing and causing to be used automatic teller machines ("ATMs")…that incorporate dial up modems or functionalities that perform the signal conditioning method claimed in the '519 Patent." D.I. 1. ATMS subsequently filed its Third-Party Complaint against Dover and Triton Systems of Delaware, Inc. ("Triton"), asserting a cause of action against Dover and Triton for contractual indemnification. ATMS claims that its right to indemnity arises from a Domestic Sales/Maintenance Agreement Representative Distributor Agreement (the "Distributor Agreement") between Triton and ATMS. D.I. 10. Among other things, the Distributor Agreement states that Triton shall "hold [ATMS] harmless of any patent claims made against Triton products or services." D.I. 10-1 at ¶ 1. Significantly, however, Dover is *not* a signatory or party to the Distributor Agreement. *See* D.I. 10-1. Moreover, the *only* allegations directed in any way to Dover in the Third Party Complaint are two conclusory statements: "[t]o the extent there was any infringement of a patent, as claimed by [Telecom], that infringement was made, induced, and caused solely by the Third Party Defendants;" and "ATMS is entitled to recover from…Dover the total amount of any judgment obtained against ATMS." D.I. 10 at ¶¶ 9-10. As further discussed below, ATMS's bare allegations against Dover fall woefully short of what is required to state a claim.

## ARGUMENT

### ATMS'S THIRD PARTY COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AGAINST DOVER.

As the Supreme Court has made clear, "the [short and plain statement of the claim] pleading standard [Fed. R. Civ. P.] 8 announces does not require detailed factual allegations but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009) (internal citations and quotations omitted). Consequently, a pleading that offers no more than "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, "[t]hreadbare recitals of the elements of a cause of action supported by merely conclusory allegations do not suffice." *Id.* Such allegations "are not entitled to the assumption of truth" and are properly disregarded. *Id.* at 679; *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010); *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221-22 (3d Cir. 2011); *Shionogi Pharma, Inc. v. Mylan, Inc.*, 2011 U.S. Dist. LEXIS 98547, *8 (D. Del. 2011) (citing *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009)).

Here, the only allegations in ATMS's Third-Party Complaint that so much as mention Dover are precisely the type of bare, unsubstantiated, conclusory allegations that *Iqbal* instructs are insufficient to meet the Rule 8 pleadings standard. ATMS has alleged only that: (1) "any infringement of a patent...was made, induced, and caused solely by the Third Party Defendants"; and (2) "ATMS is entitled to recover from...Dover the total amount of any judgment obtained against ATMS." D.I. 10 at ¶¶ 9-10. There is no "factual enhancement" of these "naked assertions" of any kind. Consequently, ATMS's conclusory allegations cannot be

afforded the benefit of any "assumption of truth" and should be set aside. Once they are, the Third Party Complaint is utterly silent as to Dover.

Furthermore, even if one were to look beyond the allegations of the Third Party Complaint to the Distribution Agreement ATMS attaches to its pleading, there is no salvation for ATMS's claims. By its express and unambiguous terms, the Distribution Agreement is a contract between ATMS and Triton. Dover is neither a party to that contract, nor is it a signatory

It is well settled that the terms of an agreement are not enforceable against non-signatory third-parties. *See Delmara Power & Light Co. v. First South Utility Const., Inc.*, 2008 Del. Super. LEXIS 67, **12-13 (Del. Super. Ct. 2008) (holding that a release between two parties, purportedly discharging a defendant subcontractor from any contribution or indemnification to a defendant general contractor, was unenforceable against the non-signatory defendant); *In re 53.1 Acres of Land in Mispillion Hundred, Town of Harrington, Kent County*, 2002 Del. Ch. LEXIS 151, *4 (Del. Ch. 2002) (refusing to impose contractual liability on non-signatory parties to a land sale). Consequently, whatever indemnity obligations may arise from the Distribution Agreement, they do not implicate Dover.

In short, ATMS's Third Party Complaint sets forth no basis whatsoever for liability against Dover, and, pursuant to Fed. R. Civ. P. 12(b)(6), it should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Dover's Motion to Dismiss for Failure to State a Claim should be granted.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Jack B. Blumenfeld (#1014)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com

*Attorneys for Third Party Defendant Dover
Printing and Identification, Inc. f/k/a Dover
Industries, Inc.*

OF COUNSEL:

J. Christopher Allen
Joshua S. Barlow
NIXON PEABODY LLP
100 Summer Street
Boston, MA 02110-2131
(617) 345-1000

February 19, 2013

## CERTIFICATE OF SERVICE

I hereby certify that on February 19, 2013, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on February 19, 2013, upon the following in the manner indicated:

Stamatios Stamoulis, Esquire                    *VIA ELECTRONIC MAIL*
Richard C. Weinblatt, Esquire
STAMOULIS & WEINBLATT, LLC
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE  19809

Kathleen M. Miller, Esquire                    *VIA ELECTRONIC MAIL*
SMITH KATZENSTEIN & JENKINS LLP
The Corporate Plaza
800 Delaware Avenue
10th Floor
Wilmington, DE  19801

Philip J. McNutt, Esquire                    *VIA ELECTRONIC MAIL*
HUGHES & BENTZEN, PLLC
1100 Connecticut Avenue, NW
Suite 340
Washington, DC  20036

Kenneth L. Dorsney, Esquire                    *VIA ELECTRONIC MAIL*
MORRIS JAMES LLP
500 Delaware Avenue
Suite 1500
Wilmington, DE  19801

Jack B. Blumenfeld (#1014)